**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 08-429-01** |
| | : | |
| **ALI AMIRNAZMI** | : | |
| | : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                **November 18, 2008**

On August 14, 2008, Magistrate Judge Henry S. Perkins granted the Government's Motion for Pretrial Detention, finding, pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions would reasonably assure the appearance of Defendant Ali Amirnazmi as required.[1] Defendant appealed the order of Magistrate Judge Perkins to this Court,[2] and filed a Motion for Bail.[3] In accordance with 18 U.S.C. § 3142(f), this Court held successive hearings on Defendant's appeal of Magistrate Judge Perkins' grant of the Government's Motion for Pretrial Detention and on Defendant's own Motion for Bail.[4] The Government supplemented its Motion for Pretrial Detention with additional exhibits twice, once before each hearing.[5] At the conclusion of the October 10, 2008 hearing, this Court denied Defendant's Motion for Bail and ordered that he remain detained pending

---

[1] Order, August 14, 2008 [Doc. No. 20].

[2] See Notice of Appeal of Detention Order [Doc. Nos. 21 and 23];

[3] Def.'s Mot. For Bail ("Def.'s Mot.") [Doc. No. 27].

[4] This Court held one hearing on September 3, 2008 and another on October 10, 2008.

[5] See Add'l Exs. to Gov't's Mot. for Pretrial Detention [Doc. Nos. 28]; Second Supplement to the Gov't Mot. for Pretrial Detention [Doc. No. 40].

trial.  This Court also issued a written order denying and dismissing Defendant's Motion for Bail and affirming Magistrate Judge Perkin's Order of Detention, stating its intention to file written findings of fact and legal conclusions in support thereof.[6]   This Court now respectfully submits this memorandum opinion in support of that Order.

A defendant may not be detained pending trial unless "no condition or combination of conditions will reasonably assure the appearance of the person as required."[7]  It is the Government's burden to demonstrate risk of flight by a preponderance of the evidence.[8]  In making its risk of flight determination, this Court is "guided by the factors set forth in Section 3142(g), including the nature and circumstances of the offense charged, the weight of the evidence against the person, and the history and characteristics of the defendant."[9]  Yet, "the characteristics that will support pretrial detention may vary considerably in each case, and thus Congress 'has chosen to leave the resolution of this question [what kinds of information are a sufficient basis for the denial of release] to the sound discretion of the court's acting on a case-by-case basis.'"[10]

Defendant is charged with conspiracy to violate and violating the International Emergency Economic Powers Act ("IEEPA), conspiracy to act and acting as an illegal agent of a foreign

---

[6] Order, October 16, 2008 [Doc. No. 47].  The filing of this opinion was delayed while this Court waited for the transcripts of its hearings and for the resolution of another unrelated matter required before this Court could file its written rulings.

[7] 18 U.S.C. § 3142(e) (2008).

[8] United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

[9] Id.

[10] United States v. Delker, 757 F.2d 1390, 1399 (3d Cir. 1985).

government, making false statement to government officials and bank fraud.[11]  This Court found that

he faced "penalties that are upwards of 115 years in imprisonment, [and] multi-million dollars in

fines if he is convicted."[12]  This Court also found that "with what [Defendant] is facing, it would give

any person a basis or a motive to flee."[13]  Hence, this Court found the nature and circumstances of

the offense charged a factor that weighed heavily in favor of pretrial detention.

This Court found that Defendant's history and characteristics weighed so heavily in favor of

pretrial detention that it was ultimately persuaded to detain Defendant pending trial.[14]  First,

Defendant's ties to this jurisdiction are not sufficient to prevent his flight.  The parties agree that

Defendant and his wife are attempting to resolve their marital issues, yet Defendant was ready to

move to Iran without his wife or daughter, who resides in Pittsburgh.[15]  As a result, the Court found

that the presence of Defendant's wife in this jurisdiction would not keep him here.[16]  Moreover, he

---

[11] A sealed indictment was filed on July 24, 2008 charging Defendant with (1) one count of conspiring to violate the IEEPA, in violation of 18 U.S.C. § 371; (2) four substantive counts of violating the same, in violation of 50 U.S.C. § 1705, and aiding and abetting the same, in violation of 18 U.S.C. § 2; (3) one count of conspiring to act in the United States as an illegal agent of the Government of Iran, in violation of 18 U.S.C. § 371; (4) one substantive count of acting in the United States as an illegal agent of the Government of Iran, in violation of 18 U.S.C. § 951, and aiding and abetting the same, in violation of 18 U.S.C. § 2; and three counts of lying to federal officials about his involvement with Iran, in violation of 18 U.S.C. § 1001.  (Indictment [Doc. No. 1].)  A superseding indictment was filed on October 2, 2008 charging Defendant with an additional three counts of bank fraud in violation 18 U.S.C. § 1344.  (Superseding Indictment [Doc. No. 36].)

[12] Tr. of Mot. for Pretrial Release Hr'g, October 10, 2008 [Doc. No. 49] ("Hr'g Tr. II") at 24:19-22.

[13] Id. at 24:23-24.

[14] The history and characteristics of a person include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

[15] Tr. of Mot. for Pretrial Release Hr'g, September 3, 2008 [Doc. No. 34] ("Hr'g Tr. I") at 15:23-16:1, 17:11-15, 55:16-19.

[16] Id. at 68:5-6.

and his wife recently sold their house and have not bought another.[17]  Finally, Defendant admittedly wishes to move to and reside in Iran,[18] and to continue his business there which involves "a computer database that aggregates chemical shipping information and information about the chemicals to provide a service to companies that are purchasing these chemicals to arrange the most efficient way to purchase these chemicals."[19]  By his own admission, Defendant's business opportunities in this country are "basically nil."[20]  Defendant believes that his business would fare better if he moved to Iran.[21]

       This Court also found that Defendant is not without financial and practical means by which to flee the jurisdiction, even though the Government holds his passport.[22]  Defendant is a dual citizen of both the United States and Iran and "any one that has dual passports, dual citizenship with passports even though they are now retained by the federal government, is always suspect of having an available avenue to flee."[23]  Moreover, Defendant allegedly has high level contacts in the Iranian government who could aid efforts to procure another passport.[24]  This concern is underlined by Defendant's attempts in the interim between this Court's two pretrial detention hearings to convince

---

[17] Id. at 38:12-39:17.

[18] Id. at 30:9-21.

[19] Id. at 16:10-15.

[20] Id. at 15:13-15, 30:9-12.

[21] Id. at 30:12-14.

[22] Id. at 19:25-20:3, 51:21-24.

[23] Id. at 50:24-51:3.

[24] Id. at 20:19-24.

his daughter to help him communicate with Iranian officials for an unknown purpose.[25]

Defendant's lack of respect for the law and the American legal system struck this Court deeply.  Defendant does not trust the government of the United States or anything associated with the same, including the courts and Defendant's own court-appointed counsel.  Defendant's attorney described his efforts to circumvent the Federal Detention Center rules regarding personal mail as showing "he has no great respect for the rules."[26]  As a result, this Court finds Defendant would not respect the law prohibiting him from fleeing this jurisdiction prior to trial.  Nor does this Court believe that Defendant would comply with any conditions or combination of conditions this Court may choose to impose.  Defendant himself was recorded stating that he hopes to get out of prison and "in one hour" he would go to Iran.[27]  His next sentence repeats that he does not "want to stay for one hour" in the United States.[28]  This Court finds no reason to disbelieve him.  Defendant argues that he will not flee because of his relationship with his daughter, because he must clear his name to make a living and because he already returned to the United States from Iran once before despite knowing he faced criminal prosecution here.[29]  Yet, these arguments pale in light of Defendant's own stated intention and his perceived disrespect for and disinclination to follow the laws and rules of a legal system he neither trusts nor respects.

In summary, this Court found that Defendant has less reason to remain in this jurisdiction,

---

[25] Hr'g Tr. II at 8:7-12, 9:3-7.

[26] Id. at 8:19-20; see also Second Supp. to Gov't Mot., September 6, 2008 at 4:20, 5:20, and 5:30.

[27] Second Supp. to Gov't Mot., September 21, 2008 at 3:15.

[28] Id.; Hr'g Tr. II at 12:17.

[29] Hr'g Tr. I at 36:10-16, 42:12-43:20, 49:8-23, 65:15-66:1, 68:11-15.

motives to flee and the means to do so.[30]  Moreover, this Court believes Defendant intends to flee

the jurisdiction.  As a result, this Court found no condition or combination of conditions could

reasonably assure Defendant's appearance as required, and ordered Defendant detained pending trial.

**RESPECTFULLY SUBMITTED:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

[30] As the Government and Defendant hotly dispute the weight of the evidence against Defendant (see Hr'g
Tr. I at 21:13-22:18, 25:12-26:4, 26:21-27:3, 27:15-20, 28:4-29:17) and in light of the pending motion for the
dismissal of Counts One through Seven of the Indictment (Doc. No. 30), this Court made no finding with respect to
whether the weight of the evidence favored detaining Defendant pending trial or not.  Hence, it did not rely on this
factor when making its ruling.